

**SO ORDERED.**

**SIGNED this 09 day of February, 2007.**

_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROY L. DICK, JR., | ) | Case No. 05-10881 |
| ROBIN R. FORD, | ) | Chapter 7 |
|           Debtors. | ) | |
| _____ | ) | |
| | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| fka Cendant Mortgage Corporation | ) | |
| | ) | |
|           Plaintiff, | ) | |
| v. | ) | Adv. No. 06-5286 |
| | ) | |
| ROY L. DICK, JR.; ROBIN R. FORD, | ) | |
| SAMUEL J. GREEN; | ) | |
| HUTCHINSON CREDIT UNION; | ) | |
| JOHN DOE (Tenant/Occupant); | ) | |
| MARY DOE (Tenant/Occupant); | ) | |
| STATE OF KANSAS DIVISION OF MOTOR | ) | |
| VEHICLES; and EDWARD J. NAZAR, Trustee, | ) | |
| | ) | |
|           Defendants. | ) | |
| _____ | ) | |

1

**ORDER DENYING PHH'S MOTION TO DISMISS COUNT V
OF TRUSTEE'S COUNTERCLAIM**

Plaintiff PHH Mortgage moves to dismiss Count V[1] of the Trustee's counterclaim filed herein.[2] Movant relies on Fed. R. Civ. P. 12(b)(6) and asserts that the Trustee has failed to state a claim upon which relief can be granted.

Factual Background

In this unusual case, the debtors Dick and Ford owned real property in Reno County, Kansas upon which a mobile home was set. When they filed their bankruptcy on March 2, 2005, they did not disclose the existence of the mobile home, scheduling only the real estate. PHH held a mortgage encumbering the land, but, at least according to the Trustee, did not take the necessary action to perfect its security interest in the mobile home by complying with the provisions of KAN. STAT. ANN. § 58-4204(g) or § 58-4214.

In the course of the bankruptcy, PHH sought and obtained an order lifting the stay to allow it to foreclose its mortgage on the real estate.[3] The Trustee did not object to stay relief because he was unaware of the mobile home. The land, and the mobile home, were purportedly sold at judicial sale in Reno County to one Samuel Green. In an effort to clear

---

[1] Actually, this count is entitled "Count VI," but there appear to be only five counts in the Trustee's counterclaim. Accordingly, the Court deems this count to be Count V and will refer to it as such. *See* Dkt. 10.

[2] Dkt. 15.

[3] No. 05-10881, Dkt. 9.

2

the title of the mobile home, PHH commenced a quiet title action in state court and the Trustee removed that action to this Court. In addition, the Trustee filed counterclaims against PHH. Count V asserts a claim against PHH for violating the automatic stay and for damages pursuant to § 362(h), contending PHH violated the stay by including the mobile home in the foreclosure action and by commencing the quiet title action.[4]

PHH moves to dismiss this count under Rule 12(b)(6) arguing that because the Dick-Ford bankruptcy case was closed prior to the commencement of the quiet title action, the automatic stay no longer applied to the mobile home.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In determining such a motion, the court must presume all of plaintiff's [here, the Trustee] factual allegations are true and construe them in the light most favorable to the plaintiff.[5] All well-pleaded facts, as distinguished from conclusory allegations, must be considered true.[6] A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[7]

---

[4] The bankruptcy case in which this adversary proceeding is filed was commenced prior to October 17, 2005. Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101, et seq. as it was in force prior to that date.

[5] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted).

[6] *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) (citation omitted).

[7] *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citations omitted); *Olson v. Hart*, 965 F.2d 940, 942 n.3 (10th Cir. 1992) (citation omitted).

3

Construing the Trustee's allegations in their best light, PHH's motion is doomed. First, PHH failed to supply a memorandum of any authority as the rules of this Court have long required.[8]  This failure alone would suffice as a basis for denying the motion.  Of course, a memorandum of authority would be difficult to construct given the overwhelming weight of case law precedent holding that undisclosed assets in a bankruptcy estate remain assets of the estate whether or not the bankruptcy case is closed.  As one Court has succinctly stated, "'unless the Court orders otherwise,' an undisclosed asset of the Debtor, including a litigation claim, always remains property of the bankruptcy estate and never reverts to the Debtor at the end of the case as occurs with all unadministered but disclosed assets."[9] Section 554(c) makes it clear that only scheduled property is abandoned to the debtor when a case is closed, unless the Court orders otherwise.  As Collier's bankruptcy treatise states, "[a]bandonment presupposes knowledge.  There can, as a rule, therefore be no abandonment by mere operation of law of property that was not listed in the debtor's schedules or otherwise disclosed to the creditors."[10]

Taking the Trustee's allegations as true, this Court must conclude that the mobile home was undisclosed (even though PHH had reason to know of its existence) on the schedules and in the stay relief motion and, accordingly, remained in the estate.  If the

---

[8]  D. Kan. L.B.R. 7012.1(a).

[9]  *In re Thompson,* 344 B.R. 461, 464 (Bankr.W.D.Va. 2004), citing 11 U.S.C. § 554(c) and (d).  *See also* 5 COLLIER ON BANKRUPTCY § 554.03 at p. 554-13  (15th ed. rev.).

[10]  5 COLLIER ON BANKRUPTCY § 554.03 at p. 554-13  (15th ed. rev.).

4

Trustee knew nothing of the mobile home, he certainly could not have abandoned it.

PHH's reliance on § 362(c)(2) is also misplaced. Section 362(c)(1) instead applies here. That subsection provides that the stay against an action against particular property of the estate remains in force as long as the property remains in the estate. As noted above, undisclosed property always remains in the estate. Accordingly, this Court finds that the Trustee has stated a claim for violation of the automatic stay against PHH and damages under § 362(h).

PHH's motion to dismiss Count V of the Trustee's counterclaim is therefore DENIED and this adversary proceeding shall proceed to trial as previously scheduled.

# # #

Case 06-05286    Doc# 33    Filed 02/09/07    Page 5 of 5